UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NAZ, LLC                                          CIVIL ACTION

VERSUS                                            NO:     17-05697

UNITED NATIONAL INSURANCE                         SECTION: "H" (4)
COMPANY

## ORDER

Before the Court is the Defendant, United National Insurance Company's ("UNIC"), **Motion to Compel (R. Doc. 49)**. The motion is opposed. R. Doc. 51. The motion was heard on the briefs.

I.   **Background**

This litigation was originally filed by the Plaintiff, NAZ, LLC ("NAZ"), in state court on April 20, 2017. The Defendant removed the action to federal court on June 9, 2017. In its petition the plaintiff states that it is the owner of a medical center that was insured by UNIC. It contends that it began expanding its medical facility, which included the installation of an Ingenia 3.0T Omega MRI. Plaintiff contends in late December of 2014 the MRI, purchased from Philips Healthcare, was installed in the facility and deemed safe for patient use. NAZ alleges on January 13, 2015, several Philips engineers discovered the MRI machine had moved several inches from the original installation point and ordered a de-energizing and quench of the machine involving a release of helium through a vent in the roof. On January 15, 2015, it was discovered that rainwater entered an opening in the roof at the helium pipe vent causing damage to the medical center and Plaintiff contends it incurred substantial costs in repairing the facility.

Plaintiff alleges that communications and visits with claims adjustors occurred in late 2015 and throughout 2016 and Dr. Shamsnia, the principal of NAZ, gathered and produced documents for the investigation. Plaintiff states on September 23, 2016, it received a reservation of rights

letter from UNIC, a sworn proof of loss form to be completed, and a communication that the investigation was still on-going. Plaintiff argues it complied but never received any indication as to what steps of the investigation were ongoing, nor was it informed that any time limitation for suit under the policy was approaching. Plaintiff alleges a second reservation of rights letter was received in December of 2016 once again not notifying NAZ of the steps of the investigation or that a limitation provision of the policy was approaching. Plaintiff contends that UNIC's course of conduct was meant to allow UNIC to not take any affirmative duties, while it allowed the claim to expire.

Plaintiff alleges that: (1) UNIC breached the insurance contract by failing to reasonably and promptly investigate the loss and failed to acknowledge liability for the claim despite proof of loss; (2) UNIC has made repeated misrepresentations regarding the coverage, omissions with respect to the two-year time limitation of the policy, failing to provide any documentation with respect to the investigation, giving no basis for rejecting the proof of loss, and misrepresenting the investigation was on-going while it was waiting for the claim to expire; and (3) breach of the duty of good faith and fair dealing.

The instant motion was filed by UNIC seeking an order compelling NAZ to provide adequate supplemental responses to its Interrogatory Nos. 6, 7, 13, and 14 and Request for Production No. 7. R. Doc. 49. UNIC argues the discovery requests were propounded on January 9, 2018 and NAZ answered on April 3, 2018. UNIC states it sent a detailed letter to NAZ on April 18, 2018 outlining the deficiencies in the responses and requested a discovery conference on April 27, 2018. Due to counsel for NAZ's unavailability on the proposed date, the telephone conference was held on May 3, 2018 at which time NAZ's counsel stated supplementation would occur on

May 11, 2018. UNIC states no supplementation was provided and the instant motion was filed on May 16, 2018.

The motion is opposed. R. Doc. 51. NAZ admits that it has had difficulty in gathering responsive documents to the request. However, NAZ states that after the motion was filed it produced another 300 pages of documents responsive to Interrogatory Nos. 13 and 14 and RFP No. 7. Further, Plaintiff states it has provided the approximate date that NAZ contacted the attorney listed in a UNIC's claim adjustor's notes, which is responsive to Interrogatory Nos. 6 and 7. NAZ argues that based on this supplementation the motion is now moot. Further, it argues that to the extent the information is still deemed insufficient two depositions will be occurring such that any additional responsive information can be obtained from those depositions.

## II. <u>Law and Analysis</u>

This Court has held multiple times that it is axiomatic that the, "[c]ompletion of discovery means that ... any related discovery disputes must be resolved by the deadline as well." *Parkcrest Builders, LLC v. Housing Auth. New Orleans*, No. 15-1533, 2017 WL 4156499 (E.D. La. Sept. 19, 2017) (citing *Fairley v. Wal-Mart Stores, Inc.*, No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016)); *See also Global Int'l Marine, Inc. v. HLC Tugs, LLC*, No. 09-1375, 2010 WL 11538478, at *1 (E.D. La. July 19, 2010); *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568, at *4 (E.D. La. Apr. 2, 2009). This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline.

The Scheduling Order states that "[d]epositions for trial use shall be taken and all discovery shall be completed no later than May 4, 2018." R. Doc. 42. The instant motion to compel was filed on May 16, 2018 and was set for hearing June 6, 2018. Both the date of the filing of the motion as well as the hearing date are outside of the of the discovery deadline established by the District

Court and the motion cannot be resolved within that deadline. R. Doc. 49. Because the motion to compel is unable be resolved within the Scheduling Order's deadline, UNIC is required to provide good cause why it should be permitted to seek discovery after the deadline.

In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

In the motion UNIC states that it propounded the discovery in dispute to NAZ on January 9, 2018. At the time these discovery requests were propounded the discovery deadline in the case was February 6, 2018 and on February 2, 2018 the District Court granted a continuance. NAZ proceeded to answer the discovery requests on April 3, 2018. On April 18, 2018, UNIC then sent a letter to NAZ detailing the deficiencies in the discovery responses, requested a discovery conference on April 27, 2018, and ultimately a discovery conference was held on May 3, 2018. This all occurred prior to the discovery deadline in the instant matter. During the May 3, 2018, discovery conference UNIC represents that NAZ stated it would supplement it responses by May 11, 2018, which it states never happened necessitating the instant motion.

Both Federal Rule of Civil Procedure 33 and 34, which govern Interrogatories and the Production of Documents, provide that the responding party serve its answers or respond within

4

30 days after being served. However, the Rules allow a shorter or longer time to be stipulated by the parties or ordered by the court. In the instant case, while NAZ's responses would have been due in February of 2018 they were not provided until April 3, 2018. Prior to that date UNIC had the option of filing a motion to compel after a good faith conferral with NAZ. Further, once UNIC determined that the responses were insufficient UNIC had the opportunity to confer in good faith and file a motion to compel.

UNIC states it did not send a letter outlining the discovery deficiencies until fifteen (15) days after responses were received and did not request a discovery conference until nine (9) days after the communication was sent. Further, that discovery conference did not occur until May 3, 2018, the day before the discovery deadline.

Based on these this information the Court finds that UNIC has not and cannot provide a persuasive reason for its untimely motion. UNIC has had nearly a month to file a motion to compel in this matter such that the Court could issue an order prior to the discovery deadline in the instant matter. Instead, UNIC waited over two weeks to notify NAZ of the deficiencies and attempted to set a discovery conference a week from the date of the communication of the deficiencies. Further, while Rule 37 does contain a good faith conferral requirement, that does not relieve UNIC from the responsibility of diligently pursuing their case in light of the Court's deadlines. As such, the first factor weighs against UNIC.

Second, the Court finds that that the prejudice prong weighs against UNIC. The District Court established a June 26, 2018 deadline for all non-evidentiary pretrial motions in this matter, including motions in limine regarding the adminissibility of expert testimony. That deadline is twenty days from the hearing date of this motion. As a result, the Court finds that NAZ would

therefore be required to divert its attention from pretrial motion preparation to resume discovery in the instant matter.

Third, a continuance is likely unavailable. The District Court's scheduling order specifically states that continuances will not normally be granted. Further, the District Court has already continued this case. The Court, therefore, finds this factor weighs against UNIC.

Finally, even if the Court were to find the discovery at issue in the motion is important, that does not outweigh the other factors. As such, the Court finds that UNIC has failed to demonstrate good cause for seeking discovery after the deadline and therefore the motion to compel is denied.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that United National Insurance Company's ("UNIC"), **Motion to Compel (R. Doc. 49)** is **DENIED**.

New Orleans, Louisiana, this 21st day of June 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**